IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GUO WENGUI                 *

    Plaintiff,          *

v.                         *           Civil Case No. PWG-18-259

HONGKUAN LI,               *

    Defendant.          *

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Pending is the Motion for Default Judgment and Memorandum in Support that Plaintiff Guo Wengui filed as to Defendant Hongkuan Li. ECF No. 15. Because Defendant has been served properly yet failed to respond, and Plaintiff has established Defendant's liability for defamation and defamation *per se* and a basis for granting injunctive relief, I will grant Plaintiff's motion as to Counts I and II. He has not established monetary damages, however, and will have the opportunity to provide evidence in support of monetary damages. Nor has he demonstrated intentional infliction of emotional distress, and therefore I will deny his motion as to Count III.[1]

---

[1] Stephen Tao Jiang filed a Motion to Intervene pursuant to Fed. R. Civ. P. 24(a)(1), asking for leave "to submit a motion in the action with the intent of influencing the court's decision." ECF No. 10. Pursuant to Rule 24(a), a third party who submits a timely motion to intervene is entitled to intervenor status if he or she "can demonstrate '(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicants' interest is not adequately represented by existing parties to the litigation.' " *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (quoting *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991) ). Mr. Jiang purports to provide background information on the litigations, and he offers to testify. Mot. to Intervene 1–3, 4. He does not state what his interest is in this action or why his intervention is necessary to protect that interest. Therefore, his motion is denied. *See Huff*, 706 F.3d at 349.

## Default Judgment

Pursuant to Rule 55(b)(2), the Court may enter a default judgment, and to do so it may hold a hearing and

>  (A) conduct an accounting;
>  (B) determine the amount of damages;
>  (C) establish the truth of any allegation by evidence; or
>  (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2). The entry of default judgment is a matter within the discretion of the Court and is appropriate when the "adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In determining whether to award a default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010); 10A Charles Alan Wright et al., *Fed. Prac. and Proc. Civ.* § 2688 (3d ed. 1998) ("[L]iability is not deemed established simply because of the default and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."); *id.* (explaining that the Court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law").

If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Samler*, 725 F. Supp. 2d at 484 (citing *Ryan*, 253 F.3d at 780–81). This is so because "an allegation 'relating to the amount of damages' is not deemed admitted based on a defendant's failure to deny in a required responsive pleading." *Hartford Fin. Servs. Grp. Inc. v. Carl J. Meil, Jr., Inc.*, No. WDQ-10-2720, 2011 WL 1743177, at *7 (D. Md. May 5, 2011) (quoting Fed. R. Civ. P. 8(b)(6)).

This action is for injunctive relief and money damages based on Defendant's alleged defamation (Count I), defamation *per se* (Count II), and intentional infliction of emotional distress (Count III). Verified Compl., ECF No. 1. Defendant was properly served with the Verified Complaint on February 15, 2018. ECF No. 6. Defendant's response to the Verified Complaint was due to be filed on or before March 8, 2018 and the time within which Defendant could answer or otherwise defend long has expired. Defendant did not answer or otherwise defend, and Defendant's default was entered by the Clerk of the Court on July 6, 2018. ECF No. 8.

## **Defamation Claims - Liability**

Through his well-pleaded and unopposed Verified Complaint, Plaintiff has established Defendant's liability for defamation and defamation *per se*.

> Under Maryland law, " '[a] defamatory statement is one which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person.' " *Norman v. Borison*, 418 Md. 630, 645, 17 A.3d 697, 705 n.10 (2011) (quoting *Offen v. Brenner*, 402 Md. 191, 198-99, 935 A.2d 719, 723-24 (2007) ). The tort of defamation consists of four elements: " '(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm.' " *Id.*; *see also Sullivan v. City of Frederick*, JKB-17-1881, 2018 WL 337759, at *8 (D. Md. Jan. 9, 2018) (quoting *Offen).* A statement is false if it was " 'not substantially correct.' " *Piscatelli v. Van Smith*, 424 Md. 294, 306, 35 A.3d 1140, 1147 (2012) (quoting *Batson v. Shiflett*, 325 Md. 684, 726, 602 A.2d 1191, 1213 (1992) ). The plaintiff bears the burden of establishing falsity. *Batson*, 325 Md. at 726, 602 A.2d at 1213.

3

> "Maryland has retained the common law distinction between defamation *per quod* and defamation *per se*." *Sullivan*, 2018 WL 337759, at *8 (citing *Ind. Newspapers, Inc. v. Brodie*, 407 Md. 415, 441, 966 A.2d 432, 448 (2009) ). "Defamation *per se* is defamation on its face—i.e. the 'words themselves impute the defamatory character.' " *Sullivan*, 2018 WL 337759, at *8 (quoting *Metromedia, Inc. v. Hillman*, 285 Md. 161, 172, 400 A.2d 1117, 1123 (1979) ). "In the case of defamation per quod, extrinsic facts must be alleged in the complaint to establish the defamatory character of the words or conduct." *Ind. Newspapers*, 407 Md. 415 -42, 966 A.2d at 448 (citing *M&S Furniture Sales Co., Inc. v. Edward J. De Bartolo Corp.*, 249 Md. 540, 544, 241 A.2d 126, 128 (1968) ).

*Kiddie Acad. Domestic Franchising, LLC v. Wonder World Learning, LLC*, No. ELH-17-3420, 2019 WL 1441812, at *22 (D. Md. Mar. 31, 2019). Plaintiff identifies multiple statements that Defendant made on Twitter and YouTube "that, inter alia, Plaintiff has schizophrenia, has lost his mind, is a rapist, is a communist spy, has slept with his son's girlfriend, and is an organized crime leader." Compl. ¶ 182. Plaintiff has established that these publicly-made statements are false, that Defendant knew they were false, and that they harmed him. *See, e.g.*, *id.* ¶¶ 8, 10-17, 21-22. Additionally, these are statements that "appear[] on [their] face to be defamatory, as, [e.g.], a statement that one is a thief." *Metromedia, Inc. v. Hillman*, 400 A.2d 1117, 1123 (Md. 1979); *see Kiddie Acad.*, 2019 WL 1441812, at *22. Accordingly, Plaintiff is entitled to a default judgment as to liability on these claims. *See Ryan,* 253 F.3d at 780 (To grant a default judgment, "[t]he court must … determine whether the well-pleaded allegations in [the] complaint support the relief sought in th[e] action.").

**Defamation Claims – Relief Sought**

Plaintiff seeks injunctive and monetary relief. He has not established damages through his Verified Complaint, and therefore may submit evidence to support his claim for damages. *See Ryan,* 253 F.3d at 780; Fed. R. Civ. P. 55(b)(2). His Verified Complaint shows grounds for ordering injunctive relief against Defendant, however, and in conjunction with a default judgment, the Court may order equitable relief. *See Flynn v. Jocanz,* 480 F. Supp. 2d 218, 221 (D.D.C.2007)

(concluding, after reviewing plaintiff's submissions, that plaintiff's requested injunctive relief, i.e., that "defendants be 'directed to comply with its obligations to report and to contribute to [specific unions and funds] all additional reports, contributions, and dues checkoff money due and owing' under the Collective Bargaining Agreement." was appropriate); *Wine v. SCH Elec., LLC*, No. CV08–0874–PHX–LOA, 2008 WL 4073853. at *4 (D. Ariz. Aug. 28, 2008) (concluding, after an evidentiary hearing, that entry of an order requiring defendant employer to file timely contribution forms and to pay contributions timely constituted such "'other legal or equitable relief as the Court deem[ed] appropriate'" and therefore was appropriate in an ERISA action (quoting 29 U.S.C. § 1132(g)(2)(E)); *Disney Enters. V. Delane*, 446 F. Supp. 2d 402, 405–06 (D. Md. 2006) (granting a permanent injunction on default judgment); *DirecTV v. Yancey,* No. 404CV00011, 2005 WL 3435030, at *4 (W.D. Va. Dec. 12, 2005) (granting injunctive relief on default judgment).

Plaintiff also requests injunctive relief against other individuals who are not Defendant but his "agents servants, employees, officers, and assigns, and all other persons in active concern or participation with him." Compl. 26. Pursuant to Rule 65(d)(2), an order for injunctive relief may bind not only the parties and their "officers, agents, servants, employees, and attorneys" but also "other persons who are in active concert" with the parties, their agents, or their employees. Fed. R. Civ. P. 65(d)(2). But, the injunction "binds only [those] who receive actual notice of it by personal service or otherwise." *Id.* Therefore, I cannot order injunctive relief against anyone who has not received actual notice of the injunction. *See id*.

Plaintiff also requests that I order the "issuance of a public apology and retraction of all the statements regarding Guo on social media by Li." Plaintiff has not shown a basis for such relief, when he will have an order of the Court finding that the statements were false.

## **Intentional Infliction of Emotional Distress Claim**

Under Maryland law, the tort of intentional infliction of emotional distress is "rarely viable, and is to be used sparingly and only for opprobrious behavior that includes truly outrageous conduct." *Bestkoff v. Bank of America, N.A.*, No. CCB-12-1998, 2012 WL 4960099, at *5 (D. Md. Oct. 15, 2012) (citing *Snyder v. Phelps*, 580 F.3d 206, 231 (4th Cir. 2009) (Shedd, J., concurring) (citation omitted)). To prevail, a plaintiff must show that (1) the defendants' conduct was "intentional or reckless," as well as "extreme and outrageous"; (2) there was "a causal connection between the wrongful conduct and the emotional distress"; and (3) the emotional distress was "severe." *Lasater v. Guttmann*, 5 A.3d 79, 89 (Md. Ct. Spec. App. 2010) (quoting *Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977)). "Extreme and outrageous" conduct is such that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Harris*, 380 A.2d at 614).

> Severe distress is that which "no reasonable man could be expected to endure." *Harris*, 380 A.2d at 616. This threshold is reached when the distress disrupts the "ability to function on a daily basis." *Bryant*, 923 F. Supp. at 750; *see, e.g.*, *Takacs*, 473 F. Supp. 2d at 652 (holding failure to allege severe emotional distress where plaintiff claimed to suffer "severe depression, anxiety, sleeplessness, headaches" but not an inability to function—e.g., inability to return to work); *Harris*, 380 A.2d at 616 (same where "plaintiff showed no more than humiliation, an aggravation of an existing nervous condition, and the worsening of a speech impediment that required no change in the treatment"). "While the emotional distress must be severe, it need not produce total emotional or physical disablement." *B.N. v. K.K.*, 538 A.2d 1175, 1181 (Md. 1988); *see, e.g.*, *Figueiredo-Torres v. Nickel*, 584 A.2d 69, 75 (Md. 1991) (holding severe emotional distress was sufficiently pleaded where plaintiff alleged injuries—e.g., anxiety, depression, obsession, systemic hypertension, "impairment of his ability to form intimate relationships"—all of which required psychological therapy and counseling).

*Krell v. Queen Anne's Cty.*, No. JKB-18-637, 2018 WL 6523883, at *14 (D. Md. Dec. 12, 2018). Plaintiff claims that he "suffer[s] severe mental anguish and economic loss" and is "under intense fear for his personal safety and the potential severe and irremediable harm to his family." Compl.

¶¶ 10, 21. "Allegations of 'physical pain, emotional suffering and great mental anguish' are insufficient to establish a claim for IIED." *Braun v. Maynard*, No. 09-1897, 2010 WL 1375172, at *7 (D. Md. Mar. 31, 2010) (quoting *Leese v. Baltimore Cty.*, 497 A.2d 159, 174 (Md. Ct. Spec. App. 1985)), *aff'd,* 652 F.3d 557 (4th Cir. 2011). For example, in *Vincent v. Prince George's Cty., Md.*, the plaintiff, who claimed intentional infliction of emotional distress based on police officers' use of force against him, "allege[d] that he suffered 'severe emotional distress, mental anguish, anger and anxiety'" and that "he wears visible scars from the incident with the individual officers and now fears Prince George's County Police Officers." 157 F. Supp. 2d 588, 596 (D. Md. 2001). The Court granted the defendant officers' motion for summary judgment because the "[p]laintiff fail[ed] to offer any proof that he suffered a disabling emotional response as a result of Defendants' conduct." *Id.* Here, also, Plaintiff has not shown that his fear affected his "ability to function on a daily basis." *See Krell*, 2018 WL 6523883, at *14 (quoting *Bryant*, 923 F. Supp. at 750). Therefore, Plaintiff's motion is denied as to his intentional infliction of emotional distress claim. *See id.*; *Ryan*, 253 F.3d at 780.

## **ORDER**

Accordingly, it is hereby ORDERED that

1. Plaintiff's motion, ECF No. 15, IS GRANTED IN PART AND DENIED IN PART as follows:

    a. Judgment IS ENTERED in favor of Plaintiff and against Defendant as to liability on Counts I and II, for defamation and defamation *per se*; and

    b. Plaintiff's motion is denied without prejudice as to Count III, for intentional infliction of emotional distress;

2. On or before July 23, 2019, plaintiff shall file (a) one or more declarations setting forth the evidentiary basis for the injunctive, monetary, and other relief plaintiff seeks, and (b) a legal memorandum not to exceed 15 pages in support of the relief sought;

3. Because I have found that Defendant is liable for defamation and defamation *per se* based on statements he has published on Twitter and YouTube regarding Plaintiff, Defendant IS ENJOINED from publishing directly or indirectly any false, malicious, defamatory or materially misleading comments regarding Plaintiff, on Twitter, YouTube, or any other print or electronic publication or media platform; and

4. The Motion to Intervene, ECF No. 10, IS DENIED.

Date: <u>May 29, 2019</u>                <u>/S/</u>
                                                              Paul W. Grimm
                                                              United States District Judge