UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| WEN-GUI GUO<br>a/k/a MILES KWOK<br>781 Fifth Avenue, 18th Floor<br>New York, NY 10022 | )<br>)<br>)<br>) | CIVIL NO. 8:18-cv-00259 |
| | ) | |
| Plaintiff, | ) | Judge Paul W. Grimm |
| | ) | |
| v. | )<br>) | |
| HONG-KUAN LI<br>6600 Woodland Road<br>Morningside, MD 20746 | )<br>)<br>) | SECOND INTERVENTION MOTION |
| | ) | PURSUANT TO FED. R. CIV. P. 24(a)(1) |
| Defendant, | ) | |

Judge Paul W. Grimm
6500 Cherrywood Ln, Greenbelt, MD 20770
PROFESSOR OF LAW, the University of Maryland Francis King Carey School of Law

## SECOND INTERVENTION MOTION TO SUPPORT " THE ENTRY OF DEFAULT JUDGMENT "

Pursuant to Federal Rule of Civil Procedure Rule 24(a) (1), Rule 55,  Federal Rule of Appellate Procedure Rule 29(b), General Order and Guideline 4, COMES NOW Stephen Tao Jiang, JD, MS, MCSE+I, "friend of the court (amici curiae)", is given an unconditional right to intervene by a federal  statute and hereby moves this Court for  petition the court for permission to submit a second motion in the action with the intent of influencing the court's decision.

In 1st Motion to intervene, Stephen Tao Jiang purports to provide background information on the litigations, and offers to testify in this court.  Because I though there will be a hearing for " THE ENTRY   OF DEFAULT JUDGMENT", I could state what my interest is in this action and why my intervention is necessary to protect that interest.

Now this court enter "DEFAULT JUDGMENT" against Defendant Hong-Kuan Li; 3rd party generally cannot demand information concerning a defendant's assets until there is a judgement because assets relate only to the ability to pay and are irrelevant to the issues of ability, which must first be decide. In the SECOND  INTERVENTION MOTION, Stephen Tao Jiang state what my interest is in this action and why my intervention is necessary to protect that interest.

I.    **Stephen Tao Jiang has an unconditional right to intervene by a federal statute**

1

In the circuit court for Montgomery county of Maryland, Stephen Tao Jiang file 3rd-party claim to defendant Hong-Kuan Li and Solo law practitioner Charles Michael Tobin ( without any Current Insurance of legal malpractice) and A Counter-Claims to defend Demi Stiebel has acted knowingly or recklessly in violation of Federal & Maryland law ( invasion of privacy, negligence and False Light) prohibiting unauthorized use or publication of information from Stephen Tao Jiang's Privacy personal medical information & Court-Room Picture and award him such actual damages as become ascertainable but in no event less than $75,000.00 (Federal) + 55, 000.00(Maryland) together with an award of punitive damages in such amount as the trier of fact finds appropriate but in no event less than $ 350,000( Federal)+ $ 650,000.00(Maryland). Total monetary damages over **$ 3,245,000.00 (actual damages $ 595,000.00** + punitive damages **$ 2,650,000.00**), see Exhibit$A$.

**Stephen Tao Jiang intent to donor the monetary damages to** < < Maryland public defender foundation >, < Maryland legal aid foundation> and << Maryland Disabilities foundation>>. **There are strong public policy to protect that Public Interest Work & charitable nonprofits interest**. Stephen Tao Jiang has an unconditional right to intervene by a federal statute and public policy.

### Stephen Tao Jiang vs. Hong-Kuan Li Case BACKGROUND

1. On September 24, 2018, Hong-Kuan Li illegal used his cell phone to record the Montgomery County District Court in Rockville, MARYLAND hearing morning session and afternoon session, and upload the recording to post in his youtube.com channel( include "一起努力改變中國李洪寬"- current 6,948 subscribers, "洪寬推墙" and "李洪寬推墙") .

Under Maryland Courts and Judicial Proceedings Section 10-402 , (a) Except as otherwise specifically provided in this subtitle it is unlawful for any person to: (2) Wilfully disclose, or endeavor to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subtitle; or (3) Wilfully use, or endeavor to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subtitle.
 (b) Any person who violates subsection (a) of this section is guilty of a felony and is subject to imprisonment for not more than **5 years or a fine of not more than $10,000, or both**.

Because Hong-Kuan Li broke the court law & order, Maryland District Court Judge Zuberi B. Williams (September 27, 2018) and Judge Patricia L. Mitchell (October 01, 2018) issues two "SHOW CAUSE ORDER " to Li, but Li refused & failure to Appear court hearing.

2. On December 11, 2018, Stephen Tao Jiang was diagnosed with having Tinnitus (ringing in the ears) defined by any of the prongs under the Americans with Disabilities Act (ADA) by my treating physician, M. Peter Sorenson, MD. The Published letter in Demi Stiebel's and Hong-Kuan Li's Twitter account is my treating physician, M. Peter Sorenson, MD writes about diagnosis and treatment of my Disease (12/11/2018). This letter is the Privacy & confidential personal medical information. See Exhibit $B, C$.

3. On December 19, 2018, the DEFENDANT Hong-Kuan Li let his partner Demi Stiebel post a lawsuit again Stephen Tao Jiang in her Twitter account, @daimi1111, see Exhibit , and Third-party Defendant Hong-Kuan Li post this lawsuit in his Twitter account, @LiHongKuan, too. The friend told me that lawsuit Date Filed: 12/27/2018, Attorney(s) for the Plaintiff Name: TOBIN, CHARLES M Address: THE TOBIN LAW OFFICES, LLC401 N WASHINGTON ST STE 500ROCKVILLE MD 20850 Phone: 301-444-4413. On 12/27/2018, I call Mr. Tobin's Office, talk with Tobin's secretary about this lawsuit. The secretary wrote my phone number, said Mr. Tobin will call me back. I have not wait 20 days until 01/16/2019. I never receive the original complaint (which must be served on the other side under Md. Rule 2-123 by a private process server) until today (April 30, 2019).

4. Now Stephen Tao Jiang with Disabilities Become Online Bullying Targets by Demi Stiebel and Hong-Kuan Li's threatening or seriously intimidating. Demi Stiebel and Hong-kuan Li maliciously, and with specific intent to intimidate or harass Stephen Tao Jiang because of that person's Disabilities. Additionally, Demi Stiebel and Hong-kuan Li's illegal disclose a disability person- Stephen Tao Jiang's medical record in their Twitter account; their cyber-bullying and online intimidation, a disability hate crime are also prohibited by Maryland state law.

5. Stephen Tao Jiang has a **US Constitution and Maryland State Constitution right** to report any crimes against humanity to State's Attorney's Office. State's Attorney's Office in Montgomery County recommend that I file a counter claim & cross claim to Counter-defendant Demi Stiebel & Third party defendant Hong Kuan Li illegal conduct because the burden of proof is significantly lower in a civil proceeding, see Exihibit D

6. On April 30, 2019, **in the Circuit Court for Montgomery county of Maryland,,** I file A Counter-Claims to Demi Stiebel and 3rd-party claim defendant Hong-Kuan Li, Solo law practitioner Charles Michael Tobin( without any malpractice insurance) has acted knowingly or recklessly in violation of Federal & Maryland law ( invasion of privacy, negligence, attorney malpractice and False Light) prohibiting unauthorized use or publication of information from Stephen Tao Jiang's Privacy personal medical information & Court-Room Picture and award him such actual damages as become ascertainable but in no event less than $75,000.00 (Federal) + 55, 000.00(Maryland)  together with an award of punitive damages in such amount as the trier of fact finds appropriate but in no event less than $ 350,000( Federal)+ $ 650,000.00(Maryland).

**COUNT I**
The Privacy Act of 1974(5 U.S.C. § 552a)

1. Defendant Demi Stiebel has on Febuary 8, 2019 published copies of counter-plaintiff Stephen Tao Jiang's Privacy personal medical information on her Twitter account, @daimi111, currently has about 18,000 followers.; 3rd party defendant Hong Kuan Li has on Febuary 8, 2019 published copies of counter-plaintiff's Privacy personal medical information on his Li's Twitter account, and Li draw A Big E- Picture that is composting the Image of Death man, the Male Sex Penis, my picture and my Medical Records by online intimidation. "A pictures worth a thousand words" is an English language idiom. It refers to the notion that a complex idea can be conveyed with just a single picture, this picture conveys its meaning or essence more effectively than a description does. From The Exhibit , Stephen Tao Jiang –victim readily recognize that the

incident was motivated by bias to Disabilities. Perpetrator's comments, gestures, or written statements reflect bias to Disabilities – including graffiti, drawings, and symbols used. @LiHongKuan, currently has about 48,000 followers.

2. Federal law, to wit The Privacy Act of 1974, prohibits any person from knowingly obtaining or disclosing Privacy personal medical information from a court record for any use not permitted under 5 U.S.C. § 552a .

WHEREFORE, Counter-plaintiff Stephen Tao Jiang respectfully prays that the Court will:

a. Take jurisdiction of the cause and of the parties; and

b. Find that defendant Demi Stiebel and 3rd party defendant Hong Kuan Li has acted knowingly or recklessly in violation of Federal law prohibiting unauthorized use or publication of information from plaintiff's Privacy personal medical information and award him such actual damages as become ascertainable but in no event less than $75, 000.00 together with an award of punitive damages in such amount as the trier of fact finds appropriate but in no event less than $350,000.00; and

c. Grant plaintiff temporary and permanent injunctive relief mandating that defendant Demi Stiebel and 3rd party defendant Hong Kuan Li remove any and all posted references to Privacy personal medical information; and

d. Grant counter-plaintiff such other and further relief as to the Court may seem mete and proper.

Plaintiff Stephen Tao Jiang demands a trial by jury as to all issues triable by a jury.

## COUNT II
The Health Insurance Portability and Accountability Act (HIPAA)

1. Federal law, to wit The Privacy Act of 1974, prohibits any person from knowingly obtaining or disclosing Privacy personal medical information from a court record for any use not permitted under 5 U.S.C. § 552a .

2. defendant Demi Stiebel and 3rd party defendant Hong Kuan Li's posting of Stephen Tao Jiang's Privacy personal medical information on their Twitter accounts, @daimi111, @LiHongKuan as alleged above, does not remotely come within the ambit of permitted uses.

3. In addition to criminal fines which may be levied by the appropriate authorities pursuant to The Privacy Act of 1974, 5 U.S.C. § 552a creates a civil remedy for the person whose information has been unlawfully disclosed. That remedy includes entitlement to an award of the greater of actual damages or $75, 000.00; punitive damages if the unauthorized disclosure was willful or made with reckless disregard of the law; and an award of reasonable attorney fees and ligation costs reasonably incurred.

4

WHEREFORE, Counter-plaintiff Stephen Tao Jiang respectfully prays that the Court will:

a. Take jurisdiction of the cause and of the parties; and

b. Find that Counter-defendant Demi Stiebel and 3rd party defendant Hong Kuan Li has acted knowingly or recklessly in violation of Federal law prohibiting unauthorized use or publication of information from Counter-plaintiff's Privacy personal medical information and award him such actual damages as become ascertainable but in no event less than $75, 000.00 together with an award of punitive damages in such amount as the trier of fact finds appropriate but in no event less than $350,000.00; and

c. Grant Counter-plaintiff temporary and permanent injunctive relief mandating that Counter-defendant Demi Stiebel and 3rd party defendant Hong Kuan Li remove any and all posted references to Privacy personal medical information; and

d. Grant counter-plaintiff such other and further relief as to the Court may seem mete and proper.

Counter-plaintiff Stephen Tao Jiang demands a trial by jury as to all issues triable by a jury.

## COUNT III
The Americans with Disabilities Act (ADA) 42 U.S.C. ch. 126 § 12101

1. Federal law, to wit The Americans with Disabilities Act (ADA), prohibits any person from knowingly obtaining or disclosing Privacy personal medical information from a court record for any use not permitted under 42 U.S.C. ch. 126 § 12101.

2. Counter-defendant Demi Stiebel and 3rd party defendant Hong Kuan Li's posting of Stephen Tao Jiang's Privacy personal medical information on their Twitter accounts, @daimi111, @LiHongKuan as alleged above, does not remotely come within the ambit of permitted uses.

3. In addition to criminal fines which may be levied by the appropriate authorities pursuant to The Americans with Disabilities Act (ADA), 42 U.S.C. ch. 126 § 12101 creates a civil remedy for the person whose information has been unlawfully disclosed. That remedy includes entitlement to an award of the greater of actual damages or $75, 000.00; punitive damages if the unauthorized disclosure was willful or made with reckless disregard of the law; and an award of reasonable attorney fees and ligation costs reasonably incurred.

WHEREFORE, Counter-plaintiff Stephen Tao Jiang respectfully prays that the Court will:

a. Take jurisdiction of the cause and of the parties; and

b. Find that Counter-defendant Demi Stiebel and 3rd party defendant Hong Kuan Li has acted knowingly or recklessly in violation of Federal law prohibiting unauthorized use or publication of information from Counter-plaintiff's Privacy personal medical information and award him such actual damages as become ascertainable but in no event less than $75, 000.00 together with

an award of punitive damages in such amount as the trier of fact finds appropriate but in no event less than $350,000.00; and

c. Grant Counter-plaintiff temporary and permanent injunctive relief mandating that Counter-defendant Demi Stiebel and 3rd party defendant Hong Kuan Li remove any and all posted references to Privacy personal medical information; and

d. Grant counter-plaintiff such other and further relief as to the Court may seem mete and proper.

Counter-plaintiff Stephen Tao Jiang demands a trial by jury as to all issues triable by a jury.

**COUNT IV**
The Maryland Personal Information Protection Act (PIPA)
Md. Code Ann. Comm. Law 14-3504

1. State law, to wit The Maryland Personal Information Protection Act (PIPA) , prohibits any person from knowingly obtaining or disclosing Privacy personal medical information from a court record for any use not permitted under Md. Code Ann. Comm. Law 14-3504.

2. Counter-defendant Demi Stiebel and 3rd party defendant Hong Kuan Li's posting of Stephen Tao Jiang's Privacy personal medical information on their Twitter accounts, @daimi111, @LiHongKuan as alleged above, does not remotely come within the ambit of permitted uses.

3. In addition to criminal fines which may be levied by the appropriate authorities pursuant to The PIPA, Md. Code Ann. Comm. Law 14-3504 creates a civil remedy for the person whose information has been unlawfully disclosed. That remedy includes entitlement to an award of the greater of actual damages or $ 35, 000.00; punitive damages if the unauthorized disclosure was willful or made with reckless disregard of the law; and an award of reasonable attorney fees and ligation costs reasonably incurred.

4. Counter-defendant Demi Stiebel and 3rd party defendant Hong Kuan Li's publishing of counter-plaintiff's Privacy personal medical information was willful and or reckless and done with malice aforethought. What actual damages counter-plaintiff will have suffered is yet to be ascertained given the recency of the publication.

WHEREFORE, Counter-plaintiff Stephen Tao Jiang respectfully prays that the Court will:

a. Take jurisdiction of the cause and of the parties; and

b. Find that Counter-defendant Demi Stiebel and Third party defendant Hong Kuan Li has acted knowingly or recklessly in violation of Federal law prohibiting unauthorized use or publication of information from Counter-plaintiff's Privacy personal medical information and award him such actual damages as become ascertainable but in no event less than $35, 000.00 together with

an award of punitive damages in such amount as the trier of fact finds appropriate but in no event less than $250,000.00; and

c. Grant Counter-plaintiff temporary and permanent injunctive relief mandating that Counter-defendant Demi Stiebel and 3rd party defendant Hong Kuan Li remove any and all posted references to Privacy personal medical information; and

d. Grant counter-plaintiff such other and further relief as to the Court may seem mete and proper.

Counter-plaintiff Stephen Tao Jiang demands a trial by jury as to all issues triable by a jury.

## COUNT V
Maryland Medical Records Act
Maryland Code HEALTH – GENERAL § 4-102 & 4-309(c2)

1. Statel law, to wit The Maryland Medical Records Act, prohibits any person from knowingly obtaining or disclosing Privacy personal medical information from a court record for any use not permitted under HG §4-101.

2. Counter-defendant Demi Stiebel and 3rd party defendant Hong Kuan Li's posting of Stephen Tao Jiang's Privacy personal medical information on their Twitter accounts, @daimi111, @LiHongKuan as alleged above, does not remotely come within the ambit of permitted uses.

3. In addition to criminal fines which may be levied by the appropriate authorities pursuant to The Maryland Medical Records Act, HG §4-309(c2) creates a civil remedy for the person whose information has been unlawfully disclosed. That remedy includes entitlement to an award of the greater of actual damages or $75, 000.00; punitive damages if the unauthorized disclosure was willful or made with reckless disregard of the law; and an award of reasonable attorney fees and ligation costs reasonably incurred.

4. Counter-defendant Demi Stiebel and 3rd party defendant Hong Kuan Li's publishing of counter-plaintiff's Privacy personal medical information was willful and or reckless and done with malice aforethought. What actual damages counter-plaintiff will have suffered is yet to be ascertained given the recency of the publication.

WHEREFORE, Counter-plaintiff Stephen Tao Jiang respectfully prays that the Court will:

a. Take jurisdiction of the cause and of the parties; and

b. Find that Counter-defendant Demi Stiebel and 3rd party defendant Hong Kuan Li has acted knowingly or recklessly in violation of Federal law prohibiting unauthorized use or publication of information from Counter-plaintiff's Privacy personal medical information and award him such actual damages as become ascertainable but in no event less than $75, 000.00 together with an award of punitive damages in such amount as the trier of fact finds appropriate but in no event less than $350,000.00; and

7

c. Grant Counter-plaintiff temporary and permanent injunctive relief mandating that Counter-defendant Demi Stiebel and 3rd party defendant Hong Kuan Li remove any and all posted references to Privacy personal medical information; and

d. Grant counter-plaintiff such other and further relief as to the Court may seem mete and proper.

Counter-plaintiff Stephen Tao Jiang demands a trial by jury as to all issues triable by a jury.

**<u>COUNT VI</u>**
Professional malpractice of An Attorney.

1. Solo law practitioner Charles Michael Tobin( without any malpractice insurance) always like let the Privacy information to publish online. On January 17, 2019, Mr. Tobin wrote a private letter to me, mail by FedEX mail; I received this private letter on January 19, 2019. But on January 18, 2019, Counter-claim Defendant & Plaintiff Demi Stiebel's lawyer Charles Michael Tobin transmitted it to Counter-claim Defendant & Plaintiff Demi Stiebel; Demi Stiebel transmitted this private letter to Hong-Kuan Li, and they published this private letter in Stiebel's Twitter account, @daimi1111 and Li's Twitter account, @LiHongKuan.

2. Under Maryland civil procedure MD Rule 2-321, Counter-claim Plaintiff Stephen Tao Jiang must serve all copy of it on the opposing party by The United States Postal Service first-class mail. Counter-claim Plaintiff & Defendant Stephen Tao Jiang mailed the motion << Petitioner's REQUIRE & AM ENTITLED to Maryland Courts and Judicial Proceedings Accommodations under the Americans with Disabilities Act (ADA) AND SUPPORT MOTION FOR SANCTIONS to Respondent Demi Stiebel and her counsel Charles Michael Tobin "Contempt of court" PURSUANT TO MD Rule MD Rule 2-411 & 2-412 >> (with my confidential personal medical information) to Charles Michael Tobin office ( Rockville, Maryland).

3. Solo law practitioner Charles Michael Tobin then transmitted it to Counter-claim Defendant & Plaintiff Demi Stiebel, Demi Stiebel transmitted it to Hong-Kuan Li, after then Demi Stiebel and Hong-Kuan Li illegal post Petitioner's Privacy & confidential personal medical information without any permission & authority in her Twitter account, @daimi1111 and Li's Twitter account, @LiHongKuan, see Exhibit E , they all make Malicious online comments in an effort to harass and embarrass Stephen Tao Jiang.

4. A Attorney must take "seriously his/her responsibility to safeguard the privacy of medical records in her/his possession." Solo law practitioner Charles Michael Tobin has a duty to ensure these records are kept private, he is negligence about the dangers of oversharing Privacy & confidential information, never pay cautions against sharing too much Privacy & confidential information through social media; and failed to properly educate and supervise his clients as a breach of duty by the legal professional in negligence cases.

5. Solo law practitioner Charles Michael Tobin's clients- Counter-defendant Demi Stiebel and Third party defendant Hong Kuan Li's publishing of counter-plaintiff's Privacy personal medical information was willful and or reckless and done with malice aforethought. What actual damages counter-plaintiff will have suffered is yet to be ascertained given the recency of the publication.

WHEREFORE, Counter-plaintiff Stephen Tao Jiang respectfully prays that the Court will:

a. Take jurisdiction of the cause and of the parties; and

b. Find that Third party defendant Charles Michael Tobin has acted knowingly or recklessly in negligence and professional malpractice to prohibiting Counter-defendant Demi Stiebel and 3rd party defendant Hong Kuan Li unauthorized use or publication of information from Counter-plaintiff's Privacy personal medical information and award him such actual damages as become ascertainable but in no event less than $55, 000.00 together with an award of punitive damages in such amount as the trier of fact finds appropriate but in no event less than $ 150,000.00; and

c. Grant counter-plaintiff such other and further relief as to the Court may seem mete and proper.

Counter-plaintiff Stephen Tao Jiang demands a trial by jury as to all issues triable by a jury.

## **COUNT VII**
Invasion of Privacy
Maryland Rule 16-208. CELL PHONE; OTHER E-DEVICES

1. On September 24, 2018, Counter-defendant Demi Stiebel let Third party defendant Hong Kuan Li illegal used his cell phone to take a photo and record the Montgomery County District Court in Rockville, MARYLAND Court Romm 512 Hearing morning session and afternoon session, and upload the recording to post in many social media like as Hong-Kuan Li youtube.com channel. Now we know lawyer CHARLES TOBIN is the friend of Hongkuan Li, the private letter that Mr. Tobin threats me (date 01/17/2018) is post in HongKuan Li Twitter account, @LiHongKuan.

2. Under Maryland RULE 16-208 ( E ) Courtroom: All electronic devices inside a courtroom shall remain off and no electronic device may be used to receive, transmit, or record sound, visual images, data, or other information.

3. Counter-defendant Demi Stiebel and Third party defendant Hong Kuan Li illegal used his cell phone to take a photo and record the Montgomery County District Court in Rockville, MARYLAND Court Romm 512 Hearing session, and upload the recording to post in many social media like as Hong-Kuan Li youtube.com channel as alleged above, does not remotely come within the ambit of permitted uses, See Exhibit F, G, H

4. In addition to criminal fines which may be levied by the appropriate authorities pursuant to The Maryland RULE 16-208, Torts - Personal Injury creates a civil remedy for the person

whose Privacy & information has been unlawfully disclosed. That remedy includes entitlement to an award of the greater of actual damages or $75, 000.00; punitive damages if the unauthorized disclosure was willful or made with reckless disregard of the law; and an award of reasonable attorney fees and ligation costs reasonably incurred.

5. Counter-defendant Demi Stiebel and Third party defendant Hong Kuan Li illegal used his cell phone to take a photo and record the Montgomery County District Court in Rockville, MARYLAND Court Romm 512 Hearing session, and upload the recording to post in many social media like as Hong-Kuan Li youtube.com channel, Invasion of Privacy was willful and or reckless and done with malice aforethought. What actual damages counter-plaintiff will have suffered is yet to be ascertained given the recency of the publication.

WHEREFORE, Counter-plaintiff Stephen Tao Jiang respectfully prays that the Court will:

a. Take jurisdiction of the cause and of the parties; and

b. Find that Counter-defendant Demi Stiebel and 3rd party defendant Hong Kuan Li has acted knowingly or recklessly in violation of Maryland state law prohibiting unauthorized use electronic device may be used to receive, transmit, or record sound, visual images, data, or other information in Courtroom, Invasion of Privacy and award him such actual damages as become ascertainable but in no event less than $75, 000.00 together with an award of punitive damages in such amount as the trier of fact finds appropriate but in no event less than $350,000.00; and

c. Grant Counter-plaintiff temporary and permanent injunctive relief mandating that Counter-defendant Demi Stiebel and 3rd party defendant Hong Kuan Li remove any and all posted references to Privacy personal medical information; and

d. Grant counter-plaintiff such other and further relief as to the Court may seem mete and proper.

Counter-plaintiff Stephen Tao Jiang demands a trial by jury as to all issues triable by a jury.

### COUNT VIII
False Light
Maryland Courts and Judicial Proceedings Section 10-402 C)

1. Under Maryland Courts and Judicial Proceedings Section 10-402 C), (a) Except as otherwise specifically provided in this subtitle it is unlawful for any person to: (2) Wilfully disclose, or endeavor to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subtitle; or (3) Wilfully use, or endeavor to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subtitle.

(b) Any person who violates subsection (a) of this section is guilty of a felony and is subject to imprisonment for not more than 5 years or a fine of not more than $10,000, or both.

2. Counter-defendant Demi Stiebel and Third party defendant Hong Kuan Li illegal used his cell phone to take a photo and record the Montgomery County District Court in Rockville, MARYLAND Court Romm 512 Hearing session, and upload the recording to post in many social media like as Hong-Kuan Li youtube.com channel as alleged above, does not remotely come within the ambit of permitted uses.

3. In addition to criminal fines which may be levied by the appropriate authorities pursuant to The Maryland Courts and Judicial Proceedings Section 10-402 C), Torts - Personal Injury creates a civil remedy for the person whose Privacy & information has been unlawfully disclosed. That remedy includes entitlement to an award of the greater of actual damages or $75,000.00; punitive damages if the unauthorized disclosure was willful or made with reckless disregard of the law; and an award of reasonable attorney fees and ligation costs reasonably incurred.

4. Counter-defendant Demi Stiebel and Third party defendant Hong Kuan Li illegal used his cell phone to take a photo and record the Montgomery County District Court in Rockville, MARYLAND Court Romm 512 Hearing session, and upload the recording to post in many social media like as Hong-Kuan Li youtube.com channel, False light was willful and or reckless and done with malice aforethought. What actual damages counter-plaintiff will have suffered is yet to be ascertained given the recency of the publication.

WHEREFORE, Counter-plaintiff Stephen Tao Jiang respectfully prays that the Court will:

a. Take jurisdiction of the cause and of the parties; and

b. Find that Counter-defendant Demi Stiebel and 3rd party defendant Hong Kuan Li has acted knowingly or recklessly in violation of Maryland state law prohibiting unauthorized use electronic device may be used to receive, transmit, or record sound, visual images, data, or other information in Courtroom, False light and award him such actual damages as become ascertainable but in no event less than $75,000.00 together with an award of punitive damages in such amount as the trier of fact finds appropriate but in no event less than $350,000.00; and

c. Grant Counter-plaintiff temporary and permanent injunctive relief mandating that Counter-defendant Demi Stiebel and 3rd party defendant Hong Kuan Li remove any and all posted references to Privacy personal medical information; and

d. Grant counter-plaintiff such other and further relief as to the Court may seem mete and proper.

Counter-plaintiff Stephen Tao Jiang demands a trial by jury as to all issues triable by a jury.

## COUNT IX

Professional Malpractice of A Attorney.

1. Solo law practitioner Charles Michael Tobin( without any malpractice insurance) always like let the Privacy information to publish online. On January 17, 2019, Mr. Tobin wrote a private letter to me, mail by FedEX mail; I received this private letter on January 19, 2019. But on January 18, 2019, Counter-claim Defendant & Plaintiff Demi Stiebel's lawyer Charles Michael Tobin transmitted it to Counter-claim Defendant & Plaintiff Demi Stiebel; Demi Stiebel transmitted this private letter to Hong-Kuan Li, and they published this private letter in Stiebel's Twitter account, @daimi1111 and Li's Twitter account, @LiHongKuan.

2. On September 24, 2018, Third party defendant lawyer Charles Michael Tobin, Counter-defendant Demi Stiebel and Third party defendant Hong Kuan Li sat together from 9:30 AM to 5: 30 PM in the Courtroom 512. They illegal used cell phone to take a photo and record the Montgomery County District Court in Rockville, MARYLAND Court Romm 512 Hearing morning session and afternoon session, and upload the recording to post in many social media like as Hong-Kuan Li youtube.com channel. Now we know lawyer CHARLES TOBIN is the friend of Hongkuan Li, the private letter that Mr. Tobin threats me (date 01/17/2018) is post in HongKuan Li Twitter account, @LiHongKuan. $. Solo law practitioner Charles Michael Tobin then transmitted it to Counter-claim Defendant & Plaintiff Demi Stiebel, Demi Stiebel transmitted it to Hong-Kuan Li, after then Demi Stiebel and Hong-Kuan Li illegal post Petitioner's Privacy & confidential personal medical information without any permission & authority in her Twitter account, @daimi1111 and Li's Twitter account, @LiHongKuan, see Exhibit G , they all make Malicious online comments in an effort to harass and embarrass Stephen Tao Jiang.

3. A Attorney must takes "seriously his/her responsibility to safeguard the Maryland Courts and Judicial Proceedings Rule" Solo law practitioner Charles Michael Tobin has a duty to ensure these records are kept private, he is negligence about the dangers of oversharing Privacy & confidential information, never pay cautions against sharing too much Privacy & confidential information through social media; and failed to properly educate and supervise his clients as a breach of duty by the legal professional in negligence cases.

4. Solo law practitioner Charles Michael Tobin's clients- Counter-defendant Demi Stiebel and Third party defendant Hong Kuan Li's illegal used his cell phone to take a photo and record the Montgomery County District Court in Rockville, MARYLAND Court Romm 512 Hearing session, and upload the recording to post in many social media like as Hong-Kuan Li youtube.com channel was willful and or reckless and done with malice aforethought. What actual damages counter-plaintiff will have suffered is yet to be ascertained given the recency of the publication.

WHEREFORE, Counter-plaintiff Stephen Tao Jiang respectfully prays that the Court will:

a. Take jurisdiction of the cause and of the parties; and

b. Find that Third party defendant Charles Michael Tobin has acted knowingly or recklessly in negligence and professional malpractice to prohibiting illegal used his cell phone to take a photo and record the Montgomery County District Court in Rockville, MARYLAND Court Romm 512 Hearing session, and upload the recording to post in many social media like as Hong-Kuan Li youtube.com channel from Counter-plaintiff's Privacy information and award him such actual damages as become ascertainable but in no event less than $55, 000.00 together with an award of punitive damages in such amount as the trier of fact finds appropriate but in no event less than $ 150,000.00; and

c. Grant counter-plaintiff such other and further relief as to the Court may seem mete and proper.

Counter-plaintiff Stephen Tao Jiang demands a trial by jury as to all issues triable by a jury.


The defendant Demi Stiebel, Third party defendant Hong Kuan Li and Third party defendant Solo law practitioner Charles Michael Tobin( without any malpractice insurance) **jointly and severally liable for these tortious acts, total monetary damages over $ 3,245,000.00 (actual damages $ 595,000.00 + punitive damages $ 2,650,000.00).**

**Stephen Tao Jiang intent to donor the monetary damages to < < Maryland public defender foundation >, < Maryland legal aid foundation> and << Maryland Disabilities foundation>>.** There are strong public policy to protect that Public Interest Work & charitable nonprofits interest. Stephen Tao Jiang has an unconditional right to intervene by a federal statute and public policy.

## II. Defendant Hong-Kuan Li(李洪宽)'s Property & Assets and Lawsuits

Upon information and belief, Defendant Hong-Kuan Li(李洪宽) is a very rich man, too. Li has 8 houses and **540** acres of land ( Total Property & Assets value are Net Worth from 1.5 million US dollars to 1.9 US million dollars). Defendant Hong-Kuan Li have the Criminal records (Case Number:1Z36142576Tracking No:151001832041; 4D00393859 ; 1D00395935; 3D00395853), Li refuse to respond the Criminal Charge Summons.

In Stephen Tao Jiang V. Hong-Kuan Li case ( CIVIL NO. : 461118V), Li also has been served properly yet failed to respond, to take a Deposition and to answer Interrogatories.

Defendant Demi Stiebel has not any property & Assets, Defendant Hong-Kuan Li(李洪宽) pay Demi Stiebel's lawsuit cost, and Solo law practitioner Charles Michael Tobin has not any Current Insurance of legal malpractice, Tobin's property & assets are protected by irrevocable Trust. Total monetary damages over $ 3.24 million only can collect from Defendant Hong-Kuan Li's Property & Assets.

Because Wen-Gui Guo claim $ 5 millions monetary damages, if Wen-Gui Guo get over 1.5 million monetary damages, < < Maryland public defender foundation >, < Maryland legal aid

foundation> and << Maryland Disabilities foundation>> will get zero monetary damages from Defendant Hong-Kuan Li. So I recommend to court issue "default judgment" ( 1/5 x 5 millions that plaintiff prays for Judgment= one millions ) in 1st motion.

Plaintiff Wen-Gui Guo, the Chinese billionaire who's been living in self-imposed exile at the Sherry-Netherland, the 18th-floor co-op at 781 Fifth Avenue, New York City. Mr. Guo is very rich man, he does not need too much money from the lawsuit, he already gets the injunctive relief from the order. Stephen Tao Jiang state what my interest is in this action and why my intervention is necessary to protect that interest.

### III. Strong public policy should actively encourage protecting both of these Public Interest Work & charitable nonprofits interest.

A strong and healthy Public Interest Work & charitable and philanthropic sector is vital to democracy, America's quality of life, and free society.

**Maryland Public defenders** have complained for decades they've got too many cases and not enough money — or time — to do their clients justice.

And **Legal Aid Bureau, Inc., (Maryland Legal Aid)** cuts and rising training costs are ruining our criminal justice system. Despite their endeavours, the Bar is fighting a losing battle against the ever present cuts.

Charitable ( Like Maryland Disabilities foundation) giving and volunteering are integral to the sector and, as such, are vital to sustaining the American vision of a free and democratic society. Charitable giving and volunteering are clear expressions of private initiative serving public good. Accordingly, public policy should actively encourage both of these activities. In addition, the sector recognizes that it must continue to earn the support of individuals who give their time and money by sustaining high standards of governance, transparency, accountability, ethical conduct and compliance with the law.

The charitable and philanthropic sector sustains a broad range of vital public-benefit activities. Many of these activities are undertaken in partnership with government and business, and the charitable sector also plays a role in holding business and government accountable. Similarly, government has oversight over business and charitable sectors, ensuring accountability to the public. Through the charitable sector, Americans both help to shape government policy and support private initiatives for the public good that complement the essential work of government.

The public policy should actively encourage both of these activities.

### IV. Defendant Hong-Kuan Li(李洪宽)'s  Property & Assets and  Wen-Gui Guo's Position

Upon information and belief, Defendant Hong-Kuan Li(李洪宽) is a Very rich man, too. Li has 8 houses and 540 acres of land ( Total Property & Assets value are Net Worth from 1.5 million US dollars to 1.9 US million dollars). Defendant Hong-Kuan Li have the Criminal records (Case Number:1Z36142576Tracking No:151001832041; 4D00393859 ; 1D00395935; 3D00395853),

Li refuse to respond the Criminal Charge Summons. In Stephen Tao Jiang V. Hong-Kuan Li case ( CIVIL NO. : 461118V), Li also has been served properly yet failed to respond, take a Deposition and answer Interrogatories.

Defendant Demi Stiebel has not any property & Assets, Defendant Hong-Kuan Li(李洪宽) pay Demi Stiebel's lawsuit cost, and Solo law practitioner Charles Michael Tobin has not any Current Insurance of legal malpractice, Tobin's property & assets are protected by irrevocable Trust. Total monetary damages over $ **3.24** million only can collect from Defendant Hong-Kuan Li's Property & Assets.

Because Wen-Gui Guo claim **$ 5** million monetary damages, if Wen-Gui Guo get over 1.5 million damages, < < Maryland public defender foundation >, < Maryland legal aid foundation> and << Maryland Disabilities foundation>> will get **zero** monetary damages from Defendant Hong-Kuan Li. So I recommend to court issue "default judgment" ( 1/5 x 5 millions that plaintiff prays for Judgment= one millions ) in 1st motion.

Plaintiff Wen-Gui Guo, the Chinese billionaire who's been living in self-imposed exile at the Sherry-Netherland, the 18th-floor co-op at 781 Fifth Avenue, New York City. Mr. Guo is very rich man, he does not need too much money from the lawsuit, and he already gets the injunctive relief from the order. Stephen Tao Jiang state what my interest is in this action and why my intervention is necessary to protect that interest.

**V. < < Maryland public defender foundation >, < Maryland legal aid foundation> and << Maryland Disabilities foundation>> and Plaintiff Wen-Gui Guo will share Monetary damages from Defendant Hong-Kuan Li's property & Assets.**

Because there are **Federal Questions** in Stephen Tao Jiang v. Hong-Kuan Li lawsuit < COUNT I The Privacy Act of 1974(5 U.S.C. § 552a); COUNT II The Health Insurance Portability and Accountability Act (HIPAA); COUNT III The Americans with Disabilities Act (ADA)>, **the intervention is necessary to protect that interest of** < < Maryland public defender foundation >, < Maryland legal aid foundation> and << Maryland Disabilities foundation>> .

This court should use Judicial Discretion to oversee a fair and speedy hearing & trial to issue Monetary damages from Defendant Hong-Kuan Li's property & Assets ( Total Property & Assets value are Net Worth from **1.5** million US dollars to **1.9** US million dollars).

Stephen Tao Jiang ask this court GRANTED to transfer the *part Stephen Tao Jiang Vs. Hong-Kuan Li* of case (CIVIL NO.: 461118V) to The United States District Court for the District of Maryland- Greenbelt Division; and the *part Demi Stiebel vs. Stephen Tao Jiang; Stephen Tao Jiang vs. Charles Michael Tobin* of case (CIVIL NO. : 461118V) leave in the circuit court for Montgomery county of Maryland.

**Hong-Kuan Li's Property & Assets allocation ratio should be**:

That interest of < < Maryland public defender foundation >, < Maryland legal aid foundation> and << Maryland Disabilities foundation>>: That interest of Wen-Gui Guo = **9:1**.

## AFFIRMATIVE DEFENSES

1. Stephen Tao Jiang has not any social media account, like Twitter account or Facebook account; and Youtube personal channel, only has one LinkedIn account and E-mail account: s2tjiang@gmail.com.

2. The statements made by Stephen Tao Jiang with regard to Hong Kuan Li, Charles Michael Tobin and Demi Stiebel in the answer and court-claims are true.

3. The statements made by Stephen Tao Jiang with regard to Hong Kuan Li, Charles Michael Tobin and Demi Stiebel were regarding matters of public concern that would be protected under the First Amendment to the United States Constitution.

4. Stephen Tao Jiang shall not be treated as the publisher or speaker of any information provided by another information content provider on the Internet, and is therefore shielded from liability relating to such information pursuant to 47 U.S. Code § 230 of the Communications Decency Act.

5. The statements made by Stephen Tao Jiang with regard to Hong Kuan Li, Charles Michael Tobin and Demi Stiebel are not statements of fact, but are statements of opinion.

6. The statements made by Stephen Tao Jiang with regard to Hong Kuan Li, Charles Michael Tobin and Demi Stiebel were privileged in the lawsuit.

In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities in support. I move this motion to Court.


**WHEREFORE, Stephen Tao Jiang, "friend of the court (amici curiae) respectfully requests that this Court enter a "default judgment" Order:**

1. Generally, if a defendant fails to respond to a complaint Plaintiff can get a default judgment after **45** days. However, the court system is very slow these days and it can take **several** months ( **This case pass 18 months** ) to get the court to issue the default judgment.

2. To assure equitable distribution of caseloads and avoid judge delaying court dockets, this court should use Judicial Discretion to issue GRANTED to transfer the part Stephen Tao Jiang Vs. Hong-Kuan Li of case (CIVIL NO. : 461118V) to The United States District Court for the District of Maryland- Greenbelt Division; and the part Demi Stiebel vs. Stephen Tao Jiang; Stephen Tao Jiang vs. Charles Michael Tobin of case (CIVIL NO. : 461118V) leave in the circuit court for Montgomery county of Maryland.

3. **A trustee** will be appointed to **two cases** by this court and the trustee will be able to find assets that Hong-Kuan Li own, like house, car, banking accounts, etc.

4. Entry of default judgment, where appropriate, judicial discretion allows a judge to decide a legal case or matter within a range of possible decisions:

That interest of < < Maryland public defender foundation >, < Maryland legal aid foundation> and << Maryland Disabilities foundation>>: That interest of Wen-Gui Guo= **9:1**.

5. Entry of " **SHOW CAUSE ORDER** " to Defendant Hong-Kuan Li:

after THE INJUNCTION ORDER, ECF No. 17, Hong-Kuan Li keep to using these social media platforms < Twitter account: 李洪宽@大参考（复活)@LiHongKuan; Youtube channel: include "一起努力改變中國李洪宽"- current 6,948 subscribers, "洪宽推墙" and "李洪宽推墙" to attack many notable Chinese figures, e.g. politicians, entrepreneurs, and scholars, horribly insulted Wen-Gui Guo and Stephen Tao Jiang in the public.

If this Court needs me with personal knowledge about to testify in person, I like to testify in Court.

      Respectfully submitted,

Dated this 4th day of June, 2019

By:

      Stephen Tao Jiang, JD, MS, MCSE+I
      USPTO Bar # 66108
      2108 Lewis Ave
      Rockville, Maryland 20851
      Tel: (443)-889-1472
      Email: s2tjiang@hotmail.com